SELBY *et al. vs.* THE BARK ALICE TARLTON *et al.*

A district court has no authority to allow counsel fees in a cause transferred from the court of First Instance into that court by the statute of Feb. 28th, 1850. Thus in such a case, where counsel fees were allowed to the defendant to the amount of $600, the judgment was reversed.

APPEAL from the district court of the district of San Francisco. The action was commenced in the court of First Instance and was transferred into the district court, upon the organization thereof, by virtue of the provisions of the statute of Feb. 28th, 1850. The suit was brought against the bark *Alice Tarlton* and master to recover damages for injuries to goods on board the *Alice Tarlton* on her passage from New York to San Francisco, and not delivering them in good order. The complaint was in the form of a libel in admiralty, and the proceedings in the court of First Instance were the same as in a court of admiralty. Upon the cause being transferred to the district court, the judge thereof, supposing that he had the same liberal discretion in the allowance of counsel fees, which is exercised by courts of admiralty, in addition to a judgment in favor of the defendants for the regular costs, ordered judgment to be entered in their favor for $600 counsel fees. From this judgment the plaintiffs appealed.

*E. Temple Emmett*, for plaintiffs.

*John S. Hagar*, for defendants.

*By the Court*, BENNETT, J. Conceding that the court of First Instance had admiralty powers and jurisdiction under the laws in force when this suit was commenced, and that it might have allowed the counsel fee which was allowed by the district court, it by no means follows that the latter court had the same extent of authority in this respect as the former. Whatever

may have been the powers and jurisdiction of courts of First Instance, it is clear that the district courts have none beyond what has been conferred upon them by the statutes of this state. The legislature, in adopting the common law, by the act organizing the district courts and by the act prescribing the practice therein, have defined the limits of the powers and jurisdiction of district courts; and I do not find in either of those acts any thing which countenances the idea that the legislature has vested the district courts with the powers of a court of admiralty, or has authorized them to allow a counsel fee, in addition to the regular taxable costs, on the dismissal of a complaint.

The judgment, therefore, to the extent of the regular taxed bill of costs should be affirmed; and as to the counsel fee of $600, it must be reversed.

                                        Ordered accordingly.